UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
SHANTI GURUNG,

        Plaintiff,

   v.                                     Case No. 10-CIV 5086

JOGESH MALHOTRA and NEENA MALHOTRA

        Defendants.
------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER GRANTING USE OF ALTERNATIVE MEANS OF SERVICE ON THE DEFENDANTS**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Plaintiff, Shanti Gurung*

December 8, 2010

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..... 1

STATEMENT OF FACTS ..... 2

ARGUMENT ..... 6

A. THE COURT HAS THE POWER TO ORDER ALTERNATE SERVICE IN THIS MATTER PURSUANT TO FRCP 4(f)(3) ..... 6

B. THE ALTERNATE MEANS SOUGHT BY PLAINTIFF ARE REASONABLY CALCULATED TO APPRISE DEFENDANTS OF THE ACTION ..... 7

CONCLUSION ..... 9

x

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arista Records LLC v. Media Servs. LLC*,
   No. 06 Civ. 15319 (NRB), 2008 WL 563470 (S.D.N.Y. Feb. 25, 2008) .................................. 6

*Chanel, Inc. v. Cui*,
   No. 10 Civ. 1142 (PKC), 2010 WL 2835749 (S.D.N.Y. July 7, 2010) .................................... 8

*KPN B.V. v. Corcyra D.O.O.*,
   No. 08 Civ. 1549 (JGK), 2009 WL 690119 (S.D.N.Y. Mar. 16, 2009) .................................. 8

*Luessenhop v. Clinton County, N.Y.*,
   466 F.3d 259 (2d Cir. 2006) ................................................................................................... 8

*Mullane v. Central Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950) ............................................................................................................... 8

*Prediction Co. LLC v. Rajgarhia*,
   No. 09 Civ. 7459 (SAS), 2010 WL 1050307 (S.D.N.Y. Mar. 22, 2010) ............................ 7, 8

*SEC v. Anticevic*,
   No. 05 CV 6991 (KMW), 2009 WL 361739 (S.D.N.Y. Feb. 13, 2009) ............................. 7, 8

**Other Authorities**

U.S. Dep't of State, Trafficking in Persons Report at 5,
   http://www.state.gov/documents/organization/123357.pdf (June 2009). ............................ 1

**Rules**

Fed. R. Civ. P. 4(f)(1) ................................................................................................................. 6

Fed. R. Civ. P. 4(f)(3) ................................................................................................................. 7

## **PRELIMINARY STATEMENT**

The trafficking of human beings has become such a serious and wide-spread problem that the United States Secretary of State now issues a yearly "Trafficking in Persons Report" to Congress in order to provide "a global look at the nature and scope of trafficking in persons and the broad range of government actions to confront and eliminate it." In her 2009 report, Secretary of State Hillary Clinton wrote:

> Human trafficking is a multi-dimensional issue. It is a crime that deprives people of their human rights and freedoms . . . the devastation also extends beyond individual victims; human trafficking undermines the health, safety, and security of all nations it touches.[1]

Not only has Shanti Gurung, the plaintiff in this matter, suffered from the effects of human trafficking and involuntary servitude, but she has yet to see justice served against her oppressors, the Defendants, Neena and Jogesh Malhotra. In spite of her timely filing of this action against the Defendants, the Indian government, which is not a named party in this action, has allowed them to hide behind its governmental red tape, thereby thwarting every attempt to serve the Defendants with the Complaint and Summons in the instant litigation. As detailed below, and in the accompanying Declaration of Mitchell Karlan, dated December 8, 2010, Plaintiff has made every effort to effect service of process through the Hague Service Convention, and even through numerous alternative means. Thus far Plaintiff has been unsuccessful after five months in effecting service through the Hague Service Convention, however it is certain that Defendants have actual knowledge of this action by way of Plaintiff's other service efforts.

---

[1] U.S. Dep't of State, Trafficking in Persons Report at 5, http://www.state.gov/documents/organization/123357.pdf (June 2009).

Accordingly, Plaintiff Shanti Gurung, by and through her attorneys, Gibson, Dunn & Crutcher LLP, respectfully submits this Memorandum of Law to request that this Court grant Plaintiff leave to effect service of Defendants through alternative means, including by mail, publication, and e-mail.

## STATEMENT OF FACTS

Plaintiff Shanti Gurung, a domestic worker, was trafficked to the United States by Neena and Jogesh Malhotra (collectively "the Defendants") in or about March 2006 from her native India at the age of seventeen. (Compl. ¶ 7.) Ms. Gurung was promised by the Defendants that, in exchange for light cooking, light cleaning, and staffing the occasional house party for a period of three years in the United States, they would pay her 5,000 rupees (approximately US$108) a month, with raises every six months. (*Id.* ¶ 14.) Ms. Gurung was not aware that even this promised sum would be well below the minimum wage in New York City.

The Defendants made all arrangements to bring Ms. Gurung to the United States, including obtaining for her a passport, an A-3 visa, and official identification from the Consulate of India. (*Id.* ¶ 16.) In order to secure her A-3 visa, Defendants instructed Ms. Gurung to tell the U.S. Embassy that Defendants would pay her US$7 an hour. (*Id.* ¶ 17.) Ms. Gurung was also told to lie about her birth date, so that she would appear to United States officials to be eighteen, not her actual age of seventeen; fearing the loss of her employment, Ms. Gurung complied. (*Id.*) Before leaving India, the Defendants instructed Ms. Gurung to sign some paperwork written in English. (*Id.* ¶ 15.) Ms. Gurung neither understood the paperwork's content nor was provided a copy.

After luring Ms. Gurung to their residence at 235 East 43rd Street, Apartment 10, New York with false promises, the Defendants required her to work approximately sixteen hours per day without pay, while subjecting her to severe psychological abuse, threats of physical harm,

2

abuse by law enforcement, and deportation. (*See Id.* ¶¶ 18–35.) During the 40-month period, the Defendants only made a one-time payment of 5,500 Indian rupees (approximately US$120) to Ms. Gurung for her services. (*Id.* ¶ 37.) Moreover, the Defendants held Ms. Gurung as a virtual prisoner in their residence, stripping her of her passport, refusing to permit her to leave the house aside from grocery shopping for Defendants, berating her for helping herself to food, forcing her to sleep on the floor in the living room despite there being unoccupied rooms, requiring her to wait upon the Defendants' frequent house guests, and to serve at multiple parties per month in their home. (*See Id.* ¶¶ 27–32.)

When Ms. Gurung asked the Defendants to pay her and to return her passport, the Defendants refused and threatened that, if she ever tried to leave, the police would beat and arrest her. (*See Id.* ¶¶ 38–40.) However, in late July 2009, while the Defendants were out of the apartment preparing to return to India the following day, Ms. Gurung fled to the home of a young woman she managed to meet when shopping for the Defendants rather than be transferred to the home of another Indian official as a domestic servant. (*Id.* ¶ 42.)

At all times relevant to this action, Defendant Ms. Neena Malhotra was the Counselor of Press, Culture, Information, Education, and Community Affairs at the Consulate General of India in Manhattan. (*Id.* ¶ 8.) Upon information and belief, from approximately June 2006 until approximately July of 2009, Defendant Jogesh Malhotra, husband of Defendant Ms. Malhotra, was employed as an engineer who conducted his business from their shared residence. (*Id.* ¶ 9.) Both Defendants are citizens of India and Defendant Ms. Malhotra currently serves as the Director of the Southern Division, for the Ministry of External Affairs of India in New Delhi. (*Id.* ¶ 11.)

3

On July 1, 2010 the complaint in this matter was filed on behalf of Ms. Gurung and over the course of the past five months, Plaintiff has made several attempts to serve the Defendants, who presently reside in India, with copies of the Summons and Complaint. While Plaintiff has not succeeded in effecting service under the Hague Service Convention, which provides for service of the Defendants through the Central Authority, there is no dispute that the Defendants have actual notice of this action. India is a recent signatory to the Hague Service Convention and as a result, the procedure for service through the Central Authority located in New Delhi is still new and entirely dependant upon the cooperation of the Indian Government.

On August 17, 2010 this court entered an Order appointing Celeste Ingalls as the authorized judicial officer for service of the papers in the above captioned case to the Central Authority. *See* Declaration of Mitchell Karlan, at Exhibit 1 ("Karlan Decl."). On August 26, 2010 Amy Underwood-Martorelli of ProVest LLC informed Plaintiff that the papers had been sent out for service to Ms. Ingalls. Tellingly, included in the email chain, dated July 26, 2010, is a statement by Ms. Ingalls that "in [her] experience, the authorities in India 'protect their own'." *See* Karlan Decl. Ex. 3. On September 15, 2010, Ms. Ingalls forwarded copies of the Summons and Complaint to the Central Authority in New Delhi for service on the Defendants and prepared affidavits to that effect, dated November 30, 2010. *See* Karlan Decl. Ex. 4.

In addition to attempting service through the Central Authority, Plaintiff has made additional efforts to notify, and effect service on, the Defendants. In July 2010, copies of the Complaint and Summons were delivered to Defendant Neena Malhotra's previous employer here in New York, the Indian Consulate, as well as emailed to Ms. Malhotra's current work email address. *See* Karlan Decl. Exs. 7, 8. Plaintiff has employed the services of a private process server in India to effect service on the Defendants. This private process server has engaged in

4

multiple attempts of service.[2] These attempts have included multiple visits to Defendant Neena Malhotra's current place of work, the Ministry of External Affairs in New Delhi. *See* Karlan Decl. Exs. 11, 12. Copies of the papers were also delivered on November 16, 2010 to the Central Dak Registry Office at the Ministry of External Affairs and to the Defendants by registered mail through the Indian Post Office and by private Courier. *See* Karlan Decl. Ex. 12.

The Indian Government and, in particular, Neena Malhotra and her employer, have actual notice of this action from the letter and enclosed Complaint and Summons for Neena Malhotra sent by Mitchell Karlan of Gibson, Dunn & Crutcher LLP on July 9, 2010 to the following individuals: Ambassador Meera Shankar, Indian Ambassador to the United States; H.E. Ambassador Hardeep Sing Puri, Permanent Representative of India to the United Nations; Timothy J. Roemer, United States Ambassador to India; Under Secretary Maria Otero, United States Under Secretary for Democracy and Global Affairs; and Luis CdeBaca, United States Ambassador at Large, Office to Monitor and Combat Trafficking in Persons. *See* Karlan Decl. Ex. 6. Moreover, Plaintiff served subpoenas on the Indian Government, among other organizations, pursuant to this Court's Order on July 12, 2010 granting expedited discovery in the matter. *See* Karlan Decl. Ex. 9. Subpoenas were served on the Permanent Mission of India to the United Nations, the Embassy of India in Washington D.C., the Consulate General of India in New York, and Shri Manish Gupta, government official at the Consulate of India in New York. *See* Karlan Decl. Ex. 10.

Finally, since the filing of this lawsuit on July 1, 2010 there has been a tremendous amount of press coverage both in the United States and abroad. Many of the news articles

---

[2] An email from Mr. Richharya detailing this attempt of service is attached to the accompanying Declaration of Mitchell Karlan, at Exhibit12.

5

clearly indicate that the Defendants are aware of the instant litigation. *See* Karlan Decl. Ex. 13. A prime example is that on July 15, 2010, Plaintiff received an email from George Joseph, a reporter at *India Abroad*, providing a response from the Indian Government regarding this matter. *See* Karlan Decl. Ex. 14. In fact, many of these articles discuss the Ministry of External Affairs, Ms. Malhotra's current employer, having absolved the Defendants of the allegations. Notably, the media reported that Ms. Malhotra rejected the claims alleged in the Complaint and submitted evidence to the Ministry for their investigation. *See* Karlan Decl. Ex. 13.

## ARGUMENT

### A. THE COURT HAS THE POWER TO ORDER ALTERNATE SERVICE IN THIS MATTER PURSUANT TO FRCP 4(f)(3)

From the filing of this litigation on July 1, 2010 Plaintiff has reasonably attempted to effectuate service on Defendants, both through the Hague Service Convention and by private means, but has been unable to perfect service. *See generally* Karlan Decl. The Indian government has shielded Defendants from service in this matter and have even absolved them in the press of any wrongdoing. *See* Karlan Decl. Exs. 13, 14. "Court-directed service is particularly appropriate where a signatory to the Hague Service Convention has 'refused to cooperate for substantive reasons.'" *See Arista Records LLC v. Media Servs. LLC*, No. 06 Civ. 15319 (NRB), 2008 WL 563470, at *1 (S.D.N.Y. Feb. 25, 2008) (quoting Fed. R. Civ. P. 4(f)(1), Advisory Committee Note to the 1993 Amendment). It is apparent that the circumstances are such that the Court's intervention is necessary in the interest of justice.

Service of process on individuals in foreign countries is governed by Rule 4(f) of the Federal Rules of Civil Procedure. Plaintiff has exhausted the reasonable means of service for an individual in a foreign country under subsection 4(f)(1), which provides for service under the Hague Service Convention, therefore, it respectfully requests leave from this Court to effect

6

service pursuant to Rule 4(f)(3) allowing for service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). The requirements of Rule (4)(f)(3) are that the means of service be directed by the Court and that they not be prohibited by international agreement. *Prediction Co. LLC v. Rajgarhia*, No. 09 Civ. 7459 (SAS), 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010). Moreover, it is left to the sound discretion of this Court to decide whether to allow alternative means of service under Rule 4(f)(3). As Judge Scheindlin recently noted in *Prediction v. Rajgarhia*, "[t]he Court is not aware of any international agreement that prohibits either alternate service of process generally on a person in India." *Id.* at *1–2. Finally, before this Court may order service pursuant to Rule 4(f)(3), Plaintiff is *not* required to attempt service through the other provisions of Rule 4(f). *See SEC v. Anticevic*, No. 05 CV 6991 (KMW), 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009).

Plaintiff, therefore, requests leave to serve the Complaint and Summons on Defendants by alternative means, including by: (1) certified mail, return receipt requested, addressed to the Embassy of India to the United States and the Permanent Mission of India to the United Nations, (2) publication, including a brief statement of the nature of the case, once weekly for four consecutive weeks in English in the *Hindustan Time* and either *The Times of India* or the *Business Standard*, and (3) Adobe PDF copies of all papers sent via e-mail to Neena Malhotra at her current business address. Plaintiff also respectfully requests that the Court order Defendants to answer in this action not later than sixty days after the final service by publication.

B.  **THE ALTERNATE MEANS SOUGHT BY PLAINTIFF ARE REASONABLY CALCULATED TO APPRISE DEFENDANTS OF THE ACTION**

Plaintiff's request for the above enumerated alternate means of service is not novel, as "[t]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the

7

defendant's attorney, telex, and most recently, email." *Prediction Co. LLC*, 2010 WL 1050307, at *1; *see e.g.*, *KPN B.V. v. Corcyra D.O.O.*, No. 08 Civ. 1549 (JGK), 2009 WL 690119, at 2 (S.D.N.Y. Mar. 16, 2009) (allowing plaintiff to serve process on defendant by regular first class mail and via international overnight courier); *Anticevic*, 2009 WL 361739, at *4–5 (permitting plaintiff to serve defendant by publication and noting that since plaintiff submitted evidence that defendant may already have actual knowledge of the action, the likelihood that published service will ultimately come to defendant's attention may be increased); *Chanel, Inc. v. Cui*, No. 10 Civ. 1142 (PKC), 2010 WL 2835749, at *1 (S.D.N.Y. July 7, 2010) (referencing a court order in the matter granting plaintiff's motion to serve process on defendant via e-mail); *Prediction Co.y LLC*, 2010 WL 1050307, at *2 (stating that it is reasonably likely that defendant "will receive the summons and complaint via a message to his recently-used email address").

Any proposed means of service must comport with constitutional due process requiring that, in good faith, it be reasonably calculated, under all the circumstances, to give actual notice to the interested parties of the pendency of the action and afford them an opportunity to be heard. *See Luessenhop v. Clinton County, N.Y.*, 466 F.3d 259, 269 (2d Cir. 2006) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Given Plaintiff's reasonable attempts to perfect service, the flurry of press articles published immediately after the filing of the Complaint, and the noted responses to press inquiries by Defendant Neena Malhotra and the Indian government, which currently employs Defendant Neena Malhotra in New Delhi,[3] the Court would be well within the bounds of Rule 4(f)(3), and the constitutional notions of due process, in granting Plaintiff's motion for alternative service.

---

[3] *See supra*; Karlan Decl. Exs. 13, 14. Neena Malhotra's email address associated with this government position is known to be dirsouth@mea.gov.in.

8

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant its motion for leave to effect alternative service on the Defendants by: (1) certified mail, return receipt requested, care of the Indian Embassy to the United States and the Permanent Mission of India to the United Nations, (2) publication in English in *Hindustan Time* and either *The Times of India* or the *Business Standard*, and (3) e-mail Adobe PDF copies of all papers to Neena Malhotra at her current business address. Plaintiff also respectfully requests that the Court order Defendants to answer in this action not later than sixty days after the final service by publication.

Dated: New York, New York
December 8, 2010

Respectfully submitted,

GIBSON, DUNN & CRUTCHER, LLP

By: _____
Mitchell Karlan (MK-4413)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166

*Attorneys for Plaintiff Shanti Gurung*