UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                              :

SHANTI GURUNG                         :

                Plaintiff,        :

                                   :

        -against-         :

                                   :        Case No. 10-CIV 5086 (VM)

JOGESH MALHOTRA and NEEENA MALHOTRA, :

        Defendants.       :

                                   :

                                   :

-------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION FOR DEFAULT JUDGMENT

 

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 50th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*and*

URBAN JUSTICE CENTER
123 William Street, 16th Floor
New York, New York 10038
Telephone: (212) 646-3026
Facsimile: (212) 533-4598

*Attorneys for Plaintiff Shanti Gurung*

July 5, 2011

## PRELIMINARY STATEMENT

Plaintiff Shanti Gurung, who has suffered from the effects of human trafficking, involuntary servitude, and non-payment for her services at the hands of Neena and Jogesh Malhotra (collectively, "Defendants"), continues to await an answer to the Complaint filed on her behalf before this Court just over a year ago.  In spite of her timely filing of this action the Defendants have continuously tried to delay the successful service of the Complaint and Summons.  This has directly blocked discovery, halting progress in the prosecution of the instant litigation.  Pursuant to this Court's Order Granting Plaintiff's Motion for Use of Alternative Means of Service on the Defendants, filed on December 10, 2010 (Docket No. 13) (the "December 10 Order"), Plaintiff successfully completed service of the Summons and Complaint on the Defendants as of April 4, 2011.  As such, pursuant to the Court's December 10 Order, the Defendants were required to answer by June 3, 2011, sixty days after the completion of the prescribed alternative means of service ordered.  To this date, the Defendants have failed to answer or otherwise respond to the Complaint.

Accordingly, Plaintiff Shanti Gurung, by and through her attorneys, Gibson, Dunn & Crutcher LLP and Urban Justice Center, respectfully submits this Memorandum of Law in support of her application, pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55.2(b), for a default judgment against Defendants Neena and Jogesh Malhotra.

## STATEMENT OF FACTS

The underlying facts giving rise to this action are set forth in greater detail in the Complaint, dated July 1, 2010  and Plaintiffs' December 9, 2010 Memorandum of Law in Support of Plaintiff's Motion for an Order Granting Use of Alternative Means of Service on the

Defendants ("Alternative Means Brief") (Docket No. 11).[1]  *See* Declaration of Jana Checa Chong, dated July 5, 2011 ("Checa Chong Decl."), Exhibits 1 and 2, respectively.  Briefly stated, Plaintiff Shanti Gurung was trafficked to the United States by Neena and Jogesh Malhotra in or about March 2006 from her native India at the age of seventeen to serve as a domestic worker. Complaint ¶ 7.  After luring Ms. Gurung to their residence at 235 East 43rd Street, Apartment 10, New York with false promises, the Defendants required her to work approximately sixteen hours per day and subjected her to severe psychological abuse and threats of physical harm, abuse by law enforcement, and deportation.  *See id.* ¶¶ 18–35.  During the approximately 40-month period, the Defendants only made a one-time payment of 5,500 Indian rupees (approximately US$120) to Ms. Gurung for her services.  *Id.* ¶ 37.  Moreover, the Defendants held Ms. Gurung as a virtual prisoner in their residence.  She was stripped of her passport and only permitted to leave the residence for grocery shopping for the Defendants.  *See id.* ¶¶ 31-32. The Defendants constantly berated her for helping herself to food—as the Defendants had permitted—and forced her to sleep on the floor in the living room despite there being unoccupied rooms.  *See id.* ¶¶ 29-30.  The Plaintiff was required to wait upon the Defendants' frequent house guests and to serve at multiple parties per month in their home.  *See id.* ¶¶ 22-24.  In late July 2009, while the Defendants were out of the apartment preparing to return to India the following day, Ms. Gurung fled the Defendants' home rather than be transferred into the domestic service of another Indian official, whom she feared would treat her at least as poorly.  *Id.* ¶ 42.  On July

---

[1]  For the sake of brevity, Plaintiff incorporates its Alternative Means Brief by reference and focuses instead on the procedural history in this matter since Plaintiff's Alternative Means Brief was filed.

1, 2010, the Complaint in this matter was filed on behalf of Ms. Gurung. *See* Checa Chong Decl., Ex. 1.

**The Defendants Were Properly Served But Failed to Answer the Complaint**

Prior to the Court's December 10 Order, Plaintiff made several attempts to serve the Defendants, who presently reside in India, with copies of the Summons and Complaint through the Central Authority of India in accordance with The Hague Service Convention. In addition to attempting service through the Central Authority, Plaintiff made additional efforts to notify and effect service on the Defendants through mail, email, and process servers.

In granting Plaintiff's Motion for Use of Alternative Means of Service on the Defendants, the Court ordered service by the following means: (1) publishing the Summons and a notice to both Defendants, along with a brief statement of the case, once weekly for a period of four consecutive weeks, in the *Hindustan Times* (an Indian publication in New Delhi) and either *The Times of India* or *Business Standard*; (2) certified mail, return receipt requested, to the Defendants' care of the Embassy of India in the United States and the Indian Permanent Mission to the United Nations; and (3) delivery of Adobe PDF copies of the December 10 Order, Complaint, and Summons to the work e-mail address of Neena Malhotra, dirsouth@mea.gov.in. *See* Checa Chong Decl., Ex. 3. The Court further ordered the Defendants to answer the Complaint within sixty days of the completion of service.

Since the filing of the December 10 Order, the procedural history of this matter with regard to Defendants has been as follows:

- In accordance with the means prescribed in the December 10 Order, Plaintiff successfully completed service of the Complaint and Summons on the Defendants by carrying out the following: (i) on December 10, 2010, via certified first class mail, return receipt requested, to the following mailing addresses: Embassy of India, 2107 Massachusetts Ave NW, Washington D.C. 20008, and Permanent Mission of India to the United Nations, 235 East 43rd Street, New York, New York 10017; (ii) on December 14, 2010 by e-mail delivery of Adobe PDF copies

to Defendants at the work e-mail address of Neena Malhotra, dirsouth@mea.gov.in; (iii) by publication of the Summons in the *Business Standard* on the following dates:  January 20, 2011, January 27, 2011, February 3, 2011, and February 10, 2011; (iv) by publication of the Summons in the *Hindustan Times* on the following dates: March 14, 2011, March 22, 2011, March 28, 2011, and April 4, 2011. *See* Checa Chong Decl., Ex. 4.

- Service was, therefore, effected as of April 4, 2011.

- On June 1, 2011, Plaintiff filed a Notice of Compliance with Service Provisions of the December 10, 2010 Order Granting Plaintiff's Motion for Use of Alternative Means of Service on the Defendants (Docket No. 17).   *See* Checa Chong Decl., Ex. 4.

- As per the Court's December 10 Order, answer by the Defendants was due June 3, 2011.

- On June 8, 2011, the Clerk of Court for the U.S. District Court for the Southern District of New York entered the Defendants' default on the record by signing a Certificate of Default. *See* Checa Chong Decl., Ex. 5.

- On June 14, 2011, service of notice of the Clerk's entry of default was sent to the Defendants by electronic mail at multiple addresses. *See*  Checa Chong Decl., Ex. 6 (Certificate of Service).

- The Defendants have failed to answer or otherwise respond to the Complaint as of July 4, 2011.

Thus, pursuant to the Court's December 10 Order, the deadline for Defendants Neena and Jogesh Malhotra to answer the Complaint was June 3, 2011.  Plaintiff has not agreed to, nor have the Defendants requested, any extension of time to answer.  The Defendants have never appeared in this action.

## ARGUMENT

### I.   PLAINTIFF IS ENTITLED TO A DEFAULT JUDGMENT AGAINST THE DEFENDANTS

Pursuant to Federal Rule of Civil Procedure 55, Plaintiff is entitled to a default judgment because the Defendants have failed to appear or answer the Complaint. *See Citigroup Global Mkts., Inc. v. JWS 1999 Holding B.V.*, No. 08 Civ. 5362 (RJS), 2009 WL 2981912, at *1

(S.D.N.Y. Sept. 11, 2009) ("Entry of a default judgment is appropriate when the adversary process has been halted because of an essentially unresponsive party.") (internal quotation marks and citations omitted). Plaintiff respectfully requests that the Court exercise this authority pursuant to Federal Rule of Civil Procedure 55(b).

Defendants are in default for failing to respond to the Complaint after having been properly served. The Defendants are thereby precluded from raising any "meritorious defense" to the claims asserted against them, as "[e]ntry of default constitutes an admission of all well-pleaded allegations of the complaint by the defaulted party." *F.T.C. v. 1263523 Ontario, Inc.*, 205 F. Supp. 2d 218, 221 (S.D.N.Y. 2002); *see also Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. LLC,* 665 F. Supp. 2d 434, 436 (S.D.N.Y. 2009) ("When the Court enters a default judgment, as regards liability it must 'accept…as true all of the factual allegations of the complaint . . . .'") (quoting *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981)); *Gucci Am., Inc. v. Tyrrell-Miller*, 678 F. Supp. 2d 117, 119 (S.D.N.Y. 2008) ("A plaintiff's factual allegations, except those relating to damages, must be accepted as true where, as here, the defendant defaults."); *Starbucks Corp. v. Morgan*, No. 99 Civ. 1404, 2000 WL 949665, at *1 (S.D.N.Y. July 11, 2000) (factual allegations in complaint "taken as true" when defendant is in default).

Upon information and belief, Defendants are not infants, in the military or incompetent persons. If the Defendants again choose to ignore these proceedings and fail to oppose Plaintiff's request, entry of a default judgment will be appropriate.

## II.   PLAINTIFF REQUESTS A JURY TRIAL AS TO THE AMOUNT OF DAMAGES DUE

Plaintiff respectfully moves this Court pursuant to Fed. R. Civ. P. 55(b)(2)(B) to refer the matter for inquest by jury trial in order to calculate damages, attorneys' fees, and costs in this matter.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests an order:  (a) Entering a default judgment against the Defendants Neena and Jogesh Malhotra; (b) referring the matter for an inquest as to damages before a jury; and (c) for such other relief as this Court may deem just and proper.

Dated: New York, New York
      July 5, 2011

                          Respectfully submitted,

                          GIBSON, DUNN & CRUTCHER, LLP

                          By: _____
                                Mitchell Karlan (MK-4413)

                                200 Park Avenue, 50th Floor
                                New York, New York 10166-0193
                                Telephone: (212) 351-4000
                                Facsimile: (212) 351-4035

                                *and*

                                URBAN JUSTICE CENTER
                                Amy Tai (AT-0366)
                                123 William Street, 16th Floor
                                New York, New York 10038
                                Telephone: (212) 646-3026
                                Facsimile: (212) 533-4598

                                *Attorneys for Plaintiff Shanti Gurung*