UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SHANTI GURUNG,                                  :
                                                :
              Plaintiff,                        :
                                                :
       v.                                       :    10 Civ. 5086 (VM)
                                                :
JOGESH MALHOTRA and NEENA                       :
MALHOTRA,                                       :
                                                :
              Defendants.                       :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**PLAINTIFF'S REPLY TO THE GOVERNMENT OF THE REPUBLIC OF INDIA'S
*AMICUS CURIAE* BRIEF**


GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035


*Attorneys for Plaintiff Shanti Gurung*


September 6, 2011

Plaintiff submits this memorandum in response to the amicus brief filed by India on August 19, 2011.[1]

## India Blocks Plaintiff's Efforts to Serve Under the Hague Service Convention

When Plaintiff attempted to serve under the Hague Service Convention, India refused to comply with its terms, claiming "immunity." *See* Dkt. No. 15.  India's conduct was inconsistent with Article 13 of the Convention, which provides as follows:

> Where a request for service complies with the terms of the present Convention, the State addressed may refuse to comply therewith only if it deems that compliance would infringe its sovereignty or security.  It may not refuse to comply solely on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based.[2]

India's brief asserts that service was refused on grounds of sovereignty, but this is directly contradicted by the text of the letter sent by Mr. Ashok Kumar of India's Ministry of Law & Justice, dated February 10, 2011, which details rejection of service based upon "grounds of infringement of the immunity provided to [Defendants]," which is an improper substantive ground for refusal.  *See* Dkt. No. 15.

## This Court's December 10 Order Properly Directs Alternative Service

This Court granted Plaintiff's unopposed motion for leave to serve Defendants by alternative means on December 10, 2010, finding:

---

[1] The relevant facts are set forth in the Complaint, dated July 1, 2010 (Dkt. No. 1), the Declaration of Mitchell A. Karlan, dated December 8, 2010 ("Karlan Decl.") (Dkt. No. 12), and Plaintiff's Notice of Compliance with Service Provisions, dated June 1, 2011 (Dkt. No. 17).  There are no other facts in the record as neither of the Defendants, nor India, has submitted any affidavits.

[2] Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 13, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Service Convention").

- "Plaintiff has repeatedly attempted to effect service of process on the Defendants, both through the Central Authority in New Delhi, India as stipulated in the Hague Service Convention and by employment of a private process server;" Order at ¶ 2.

- "The Defendants are aware of the lawsuit, have a copy of the Complaint, and are evading service;" Order at ¶ 4.

- "The methods of alternative service sought by Plaintiff are reasonably likely to reach the Defendants;" Order at ¶ 5.

- "Accordingly, this Court finds that an entry of an order permitting alternative service is necessary and appropriate." *Id.*

Defendants did not move to reargue, and the time within which such a motion could have been made has passed. *See* S.D.N.Y. Local Civ. R. 6.3. The findings in the December 10 Order are now law of the case. *See Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003).

Service was effected in accordance with this Court's December 10 Order. Defendants never appeared.

**Resort to Rule 4(f)(3) is Proper When a Signatory State Refuses to Comply**

Federal Rule of Civil Procedure 4(f)(3) permits service "by any other means not prohibited by international agreement, as the court orders." The 1993 Advisory Committee Notes state that, where a signatory to the Hague Convention is "dilatory or refused to cooperate for substantive reasons . . . resort may be had to the provision set forth in subdivision (f)(3)" (emphasis added). *See Swarna v. Al-Awadi*, No. 06 Civ. 4880, 2007 WL 2815605, at *1 (S.D.N.Y. Sept. 20, 2007). *See also In re South African Apartheid Litig.*, 643 F. Supp. 2d 423, 433 (S.D.N.Y. 2009) ("Court-directed service is particularly appropriate where a signatory to the Hague Service Convention has refused to cooperate for substantive reasons") (quotation and citation omitted); *Arista Records LLC v. Media Servs. LLC*, 2008 WL 563470, at *1 (S.D.N.Y.

Feb. 25, 2008) (same); *Richmond Techs. Inc. v. Aumtech Bus. Solutions*, No. 11-CV-02460, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011) (same).

In *Swarna*, an Indian citizen enslaved by foreign diplomats attempted service under the Hague Convention but was rebuffed on grounds of diplomatic immunity. This Court permitted service by alternative means because, as in this case, "a signatory state . . . refused to act because of a substantive reason, *i.e.* diplomatic immunity." *Swarna v. Al-Awadi*, 2007 WL 2815605, at *1 (internal quotation marks and citations omitted).

Courts in this district hold that:

    (1) "'[s]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief . . . [but] merely one means among several which enables service of process on an international defendant;'" *Madu, Edozie & Madu, P.C. v. Socketworks Ltd. Nig.*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (quoting *KPN B.V. v. Corcyra D.O.O.*, No. 08 Civ. 1549, 2009 WL 690119, at *1 (S.D.N.Y. Mar. 16, 2009));

    (2) "[a] court is afforded wide discretion in ordering service of process under Rule 4(f)(3)," *In re South African Apartheid Litig.*, 643 F. Supp. 2d at 433; and

    (3) "[c]ourt-directed service is particularly appropriate where a signatory to the Hague Convention has refused to cooperate for substantive reasons," *id.* (internal quotation marks and citations omitted).

"The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement." *Prediction Co. LLC v. Rajgarhia*, No. 09 Civ. 7459, 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010) (quoting *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 Civ. 9641, 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005)).

**This Court's December 10 Order is Not Prohibited by International Agreement**

The Hague Service Convention applies only "where there is occasion to transmit a judicial or extrajudicial document for service abroad." Hague Service Convention art 1.

While service under the Convention may be made through a country's Central Authority, the Convention also permits service through alternative means, such as by mail and diplomatic channels, although a signatory state may object to portions of the Convention when it ratifies the Convention. *See id.* at arts. 8, 10, 21. India declared its reservations to Article 10, which enumerates only some forms of alternate service. *See* Exhibit A, India's Declaration of Reservations.

If a signatory to the Hague Convention has objected to Article 10, then the methods of service permitted under that article are "prohibited by international agreement" and thus not permitted under Rule 4(f)(3).[3] However, where a signatory has objected to Article 10, a court may nonetheless order service pursuant to Rule 4(f)(3) by means *not* set out in Article 10. *See Prediction*, 2010 WL 1050307, at *1-2 (ordering alternative service on Indian defendant in a manner not expressly set out in Article 10); *In re South African Apartheid Litig.*, 643 F. Supp. 2d at 434 (ordering alternative service on German company in manner not expressly set out in Article 10, despite Germany's objection to the article). *See also Richmond Techs. Inc. v. Aumtech Bus. Solutions*, 2011 WL 2607158, at *12-13 (ordering alternative service on Indian

---

[3]  Article 10 of the Hague Service Convention provides:

Provided the State of destination does not object, the present Convention shall not interfere with –

    a)  the freedom to send judicial documents, by postal channels, directly to persons abroad,

    b)  the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

    c)  the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

defendants in manner not expressly set out in Article 10); *In re LDK Solar Securities Litig.*, 2008 WL 2415186, at *3-*4 (N.D. Cal. June 12, 2008) (ordering alternative service on Chinese defendants in manner not expressly set out in Article 10, despite China's objection to article).

India has "not expressly forbidden numerous other potential avenues to insure [sic] that a defendant is aware of the allegations against it. This Court need only select one reliable mechanism." *In re South African Apartheid Litig.*, 643 F. Supp. 2d at 437. India, in its reservations, does not state that it is opposed to all other methods of service. Rather, it simply states that "India is opposed to the methods of service provided in Article 10." Nowhere does Article 10 mention, nor does India express reservations to, service by electronic mail or by publication. Service by electronic mail or by publication are thus not in violation of India's objection to Article 10 of the Hague Convention, and this Court was well within its power to order alternate service by those means pursuant to Rule 4(f)(3).

In its brief, India misunderstands *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988). The issue in that case was the meaning of the language in Article 1 of the Hague Convention that defines the Convention's scope. *Volkswagenwerk*, 486 U.S. at 699. The Court did in fact hold that that language—that the Convention applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad"—is "mandatory." *Id.* But the Court's more important holding was that "the internal law of the forum is presumed to determine whether there is occasion for service abroad." *Id.* at 704. In other words, *Volkswagenwerk* states that the law of the forum determines whether the Hague Convention applies in the first place. In this case, the law of the forum is Rule 4(f), and Rule 4(f)(3) explicitly provides a means of service abroad separate from the Hague

Convention.  Therefore, India's conclusion that "service in this matter may only be made pursuant to [the] Convention" does not follow from Rule 4(f) and *Volkswagenwerk*.

India cites *Agha v. Jacobs*, No. C 07-1800 RS, 2008 WL 2051061 (N.D. Cal. May 13, 2008), for the proposition that "postal channels" include electronic mail, but *Agha* is distinguishable.  The court in *Agha* specifically recognized that "[t]here might be some circumstances under which . . . a distinction [between email and postal channels] could be drawn."  *Id.* at *2.  In *Agha*, the plaintiff had not yet pursued service through the Central Authority, whereas here Plaintiff has tried that route.  The court in *Agha* specifically pointed out this fact in rendering its decision.  *Id.*  India fails to mention *Prediction*, 2010 WL 1050307, *Bullex v. Yoo*, No. 2:10-cv-668 TC, 2011 U.S. Dist. LEXIS 35628, at *3-4 (D. Utah Apr. 1, 2011), and *Williams-Sonoma Inc. v. Friendfinder*, Inc., 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007), in each of which the court permitted service by e-mail under Rule 4(f)(3) despite the foreign signatory's objection to Article 10.  In any event, to the extent that *Agha* stands for the proposition that "postal channels" includes electronic mail, the case was wrongly decided and is flatly inconsistent with cases decided in this circuit.

India's objection to Article 10 also does not rule out service by publication.  Moreover, *Smith v. Islamic Emirate of Afg.*, Nos. 01 CIV 10132(HB), 01 CIV 10144(HB), 2001 WL 1658211 (S.D.N.Y. Dec. 26, 2001), is inapposite given that personal service, via employment of a private process server, has been tried and has failed in this case.

Finally, Plaintiff need not lack an address for Defendants for the Court to permit service outside of the Hague Convention.  The decision to permit alternative service is "committed to the sound discretion" of the court.  *Prediction*, 2010 WL 1050307 at *1 (quotation marks and citation omitted).  No case holds that the lack of address is a strict requirement for granting

alternative means.  In any event, Plaintiff does not know the home address of Defendants, and attempts to personally serve Defendants at Ms. Malhotra's current office address were rejected. *See* Karlan Decl., exs. 11, 12.

**The Defendants are Not Shielded by Immunity in this Case**

India erroneously argues that service upon the Defendants would violate the Vienna Convention on Consular Relations ("Vienna Convention").  First, Ms. Malhotra is not immune for acts performed outside of the exercise of consular functions.  Under Article 43 of the Vienna Convention, consular immunity only applies where the acts giving rise to the lawsuit are "performed in the exercise of consular functions."  The employment of a domestic servant is not an official act.  *See Park v. Shin*, 313 F.3d 1138, 1142-43 (9th Cir. 2002).  S*ee also Swarna v. Al-Awadi*, 607 F. Supp. 2d 509, 519-22 (S.D.N.Y. 2009) (rejecting defendant's argument for diplomatic immunity because the hiring of plaintiff was a "private act" and not part of defendant's "official capacity").  Ms. Malhotra obtained an A-3 visa for Ms. Gurung, and, as discussed in *Park v. Shin*, such a visa is "issued only for personal employees of consular officers" and goes against a finding that this was pursuant to consular functions. 313 F.3d at 1142-43. The Complaint is clear that the Plaintiff was a personal servant, and Defendants' employment of Plaintiff was not part of a consular function. Complaint at ¶¶ 13, 16-17, 18-25.[4]

---

[4]   India's amicus brief recites as fact numerous assertions that are nowhere in the record, and in many cases are directly contrary to the record.  Just by way of example, India asserts that "Plaintiff's travel to and employment at the Indian Consulate in New York was enabled and subsidized by [India];" "The employment of the Plaintiff as an IBDA was an official act performed by Ms. Malhotra in the exercise of her consular duties;" "Ms. Malhotra engaged Plaintiff as an IBDA to assist her carrying out her official duties;" "Plaintiff's official passport was revoked by [India] after Plaintiff ceased her employment as an IBDA;" "Many of the terms of service for IBDAs, including subsidy for compensation, are determined by [India];" and "In 2010, the Central Authority in India rejected no request for service from the United States."

Second, in any event, Ms. Malhotra's husband, Jogesh Malhotra, is also a defendant in this matter, and given that there is no claim that he held any official position with the Indian Government, he lost all claim to immunity upon leaving the United States and returning to India. Vienna Convention, art. 53, subsections 3-4.

Foreign officials are expected to abide by the laws of the United States upon starting at their post, as reflected in the Foreign Affairs Manual, issued by the U.S. Department of State, which discusses the terms and conditions of the employment of an A-3 worker.[5]  *See* 9 FAM 41.21 N6.2.  Consular officials are obligated by law to abide by these terms and conditions, including an employment contract between them and the A-3 worker which contains the "employer's agreement to abide by all Federal, State, and local laws in the United States." *Id.* (internal quotation marks omitted).  This requirement has also been codified in the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"). *See* William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub. L. No. 110-45, § 203.  Thus, India's argument that the application of United States and New York labor laws to Indian consular employees will interfere with its right to determine the terms of its officers' and Plaintiff's employment is inapposite.

The court in *In re South African Apartheid Litigation* explained that "[w]here a plaintiff attempted in good faith to comply with the Hague convention and the defendant does not dispute

---

Some of these assertions are not merely contrary to the record and unsupported by any evidence, but are absurd, and cruelly absurd in light of the horrific facts of this case.

The assertion of these propositions as fact merely underscores the bizarre procedural nature of India's submission.  The defendants have defaulted, and now an amicus wishes to try the case without witnesses or evidence, after amicus willfully ignored the pendency of this action for over a year.   India's conduct is contemptuous of this Court and should not be tolerated.

[5]  Plaintiff was issued an A-3 visa in order to enter the United States.

having received the complaint in this action . . . there is no prejudice to him." *Id.* at 432 (internal quotation marks omitted). Defendants and India "ha[ve] actual notice of this action and, thus, as a practical matter, the purpose of the service requirement has already been accomplished." *See Arista Records LLC v. Media Servs. LLC*, 2008 WL 563470, at *2; *see also Richmond Techs.*, 2011 WL 2607158, at *13; *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534-35 (E.D. Va. 2005).

Dated: New York, New York
         September 6, 2011

Respectfully submitted,

GIBSON, DUNN & CRUTCHER, LLP

By: _____
        Mitchell Karlan (MK-4413)
        GIBSON, DUNN & CRUTCHER, LLP
        200 Park Avenue
        New York, New York 10166

        *Attorneys for Plaintiff Shanti Gurung*