```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
SHANTI GURUNG,                  :
                                :
              Plaintiff,        :
                                :            10 Civ. 5086 (VM)
                                :
     - against -                :            DECISION AND ORDER
                                :
                                :
JOSEPH MALHOTRA and             :
NEENA MALHOTRA,                 :
                                :
              Defendants.       :
-------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Plaintiff Shanti Gurung ("Gurung") brought this action against defendants Joseph Malhotra and Neena Malhotra (the "Malhotras") asserting twenty claims for relief under various state and federal causes of action. The Malhotras employed Gurung as a domestic servant while residing in Manhattan from 2006 to 2009, during which time Neena Malhotra served as the Counselor of Press, Culture, Information and Community Affairs at the Consulate General of India. Each cause of action arises out of the Malhotras' employment of Gurung under conditions that allegedly violated state and federal labor and human rights laws. Gurung also asserts several common law causes of action.

Now before the Court is Gurung's motion for default judgment based on the Malhotras' failure to appear or to

answer the complaint or respond to the instant petition for default judgment. The Government of India ("GOI") has intervened and challenged this Court's order permitting Gurung to serve the complaint on the Malhotras by means other than those prescribed by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Convention"). Because the Court finds that the authorized alternative service upon the Malhotras was proper and effective, and that Gurung has demonstrated her entitlement to default judgment, the Court grants Gurung's motion for default judgment.

## I.  BACKGROUND

Gurung filed this action on July 1, 2010. Throughout the latter half of 2010, Gurung sought to serve process through the channels established under the Convention upon the Malhotras, who had returned to reside in India.[1] On November 30, 2010, almost five months after the complaint was filed and with service still incomplete, the Court conditionally dismissed this case for lack of prosecution. Gurung then moved for permission to use alternative means

---

[1] On September 15, 2010, an appointed international process server forwarded the summons and complaint in this action to the Indian Central Authority in New Delhi to be served upon the Malhotras. Under the Convention, signatory nations must designate a "Central Authority" to coordinate service of process requested by other signatory nations. Convention, art. 2, Feb. 10, 1969, 20 U.T.S. 361.

of service pursuant to Federal Rule of Civil Procedure 4(f)(3) ("Rule 4(f)(3)").

The Court granted that motion in an Order dated December 10, 2010 (the "December 2010 Order") concluding that, though service of the Malhotras in India was governed by the Convention, Gurung had demonstrated the futility of service of process through the Central Authority in New Dehli, India. The Court also found that the Malhotras were evading service though they had actual notice and possession of the complaint. The December 2010 Order instructed Gurung to effect service through three means: publication in two Indian newspapers, certified mail, and electronic mail to Neena Malhotra's publicly-available government electronic mail address. The Court found such means of service reasonably likely to reach the Malhotras and set a sixty-day deadline for their response to the complaint upon completion of service.

Article X of the Convention preserves the ability of parties to effect service through means other than a recipient-nation's Central Authority as long as the recipient-nation has not objected to the specific alternative means of service used. Convention, art. 10, Feb. 10, 1969, 20 U.T.S. 361. In signing the Convention, India expressly rejected service through means enumerated

-3-

in Article X - including service through postal channels and through its judicial officers - but did not expressly reject service through other means such as publication or electronic transmission. See Declarations, Reservations, Hague Conference on Private International Law, http://www.hcch.net/index_en.php?act=status.comment&csid=984&disp=resdn.

On February 10, 2011, the Indian Ministry of Law & Justice submitted a letter (the "February 2011 Letter"), which explained that the GOI refused to serve the Malhotras through Convention procedures "on grounds of infringement of the immunity provided to the career diplomat," Neena Malhotra. The February 2011 Letter constituted a refusal by the GOI to complete service through its Central Authority under the Convention. A signatory may refuse to complete service through its Central Authority under Article XIII of the Convention, which provides that "[w]here a request for service complies with the terms of the present Convention, the State addressed may refuse to comply therewith only if it deems that compliance would infringe its sovereignty or security." Convention, art. 13, Feb. 10, 1969, 20 U.T.S. 361.

Gurung responded by letter dated February 15, 2011, asserting that she was in the process of completing service

-4-

under the December 2010 Order and arguing that the GOI was neither a party to nor amicus curiae in this matter. Because the GOI was not a party and had not moved to intervene, Gurung argued that the Court should disregard the substance of the February 2011 Letter.

As of April 4, 2011, Gurung had completed service in the manners set forth in the December 2010 Order and, on July 5, 2011, Gurung moved for a default judgment based upon the Malhotras' continued failure to respond in any way to the complaint. One week later, the GOI sought to stay consideration of the default motion and requested permission to move to intervene as amicus curiae. After further letters from Gurung and the GOI, on August 8, 2011, the Court granted the GOI's request to intervene as amicus curiae and set forth a briefing schedule by which the GOI and Gurung would each submit briefs on the issue of service of process on defendants (the "August 2011 Order").

Now before the Court is Gurung's motion for default judgment and the briefs submitted by the GOI and Gurung in accordance with the August 2011 Order.

## II. DISCUSSION

The question before the Court is whether the alternative means of service set forth in the December 2010 Order were permissible under Rule 4(f)(3), which permits a court to order service by "means not prohibited by international agreement," here, the Convention.

### A. SERVICE THROUGH THE INDIAN CENTRAL AUTHORITY

The Court rejects the GOI's threshold argument that the United States Supreme Court's ruling in Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988) dictates that service through the Indian Central Authority is the only available and proper form of service in this action. Volkswagenwerk stands for the proposition that, "[u]se of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service." Fed. R. Civ. P. 4 advisory committee's notes to the 1993 Amendments (citing Volkswagenwerk, 486 U.S. 694) (emphasis added). As the Second Circuit has explained, when service through a Central Authority fails, means of service that provide a defendant with actual notice of the complaint are sufficient to satisfy due process and Rule 4. Burda Media, Inc. v. Viertel, 417 F.3d 292, 301 (2d Cir. 2005). Volkswagenwerk does not foreclose the use of means of service other than through a Central Authority because

-6-

although "the Hague Convention carefully articulates the procedure which a litigant must follow in order to perfect service abroad, . . . it does not prescribe the procedure for the forum Court to follow should an element of the procedure fail." Id. (internal quotation marks omitted).

Next, the Court must consider whether the February 2011 Letter was a proper exercise of the GOI's right, under Article XIII of the Convention, to refuse to complete service. If the GOI's refusal was improper, then service through the Central Authority has failed and alternative means of service are permissible. If the GOI's refusal to complete service was grounded upon concerns for its sovereignty or security, as provided for in Article XIII, such a refusal would preclude service of the complaint as contrary to the terms of the Convention and therefore impermissible under Rule 4(f)(3).

The GOI's express justification for refusing to complete service was related to diplomatic immunity, not sovereignty or security. Unlike sovereignty or security, which are permissible reasons for refusal under Article XIII, immunity is a "substantive" defense and the Court may properly review questions of immunity once service has been

completed.[2]  Therefore, the GOI's refusal to complete service was not proper under Article XIII of the Convention, and the use of court-ordered alternative means of service was appropriate. See Fed. R. Civ. P. 4 advisory committee's notes to the 1993 Amendments ("[T]here have been occasions when the signatory state was dilatory or refused to cooperate for substantive reasons. In such cases, resort may be had to the provision set forth in subdivision (f)(3)."); In re S. African Apartheid Litig., 643 F. Supp. 2d 423, 433 (S.D.N.Y. 2009) ("Court-directed service is particularly appropriate where a signatory to the Hague Service Convention has refused to cooperate for substantive reasons."); Swarna v. Al-Awadi, No. 06 Civ. 4880, 2007 WL 2815605, at *1 (S.D.N.Y. Sept. 20, 2007) (authorizing alternative means of service where "a signatory state . . . has refused to act because of a substantive reason, i.e. diplomatic immunity"); RSM Prod. Corp. v. Fridman, No. 06 Civ. 11512, 2007 WL 2295907, at *3 (S.D.N.Y. Aug. 10, 2007) (finding Convention service

---

[2] Though adjudicating diplomatic immunity relates, in some sense, to the issue of sovereignty, this Court's consideration of Gurung's complaint, any answer by the Malhotras and the Malhotras' potential defense of diplomatic immunity, the adjudication of which should not be prejudged or precluded by the Malhotras' apparently knowing refusal to answer the complaint, does not threaten the sovereignty of India or justify its refusal to complete service.

procedures unavailable where a signatory state refuses to cooperate for substantive reasons).[3]

In its brief and letters to the Court, the GOI attempts to recast its rejection of service as based upon infringement of its sovereignty, while continuing to assert diplomatic immunity on behalf of the Malhotras. The GOI argues that this Court cannot review or question its assertion of sovereignty in the February 2011 Letter because Article XIV of the Convention requires such disputes to be settled through diplomatic channels. In its submissions to the Court, however, the GOI consistently raises the substantive defense of diplomatic immunity as the core justification for its refusal to complete service as required by the Convention. Diplomatic immunity was the sole basis the GOI set forth in the February 2011 Letter for rejecting service. The GOI's subsequent submissions, aimed at buttressing the February 2011 Letter, supplement that reason with only conclusory and categorical allusions to sovereignty in an effort to invoke Article XIII.

---

[3] Faced with similar facts, some courts in this District have required a plaintiff to provide "affirmative evidence of the lack of judicial assistance by the host nation" before granting a request to use alternative means of service under Rule 4(f)(3). Arista Records LLC v. Media Servs. LLC, No. 06 Civ. 15319, 2008 WL 563470, at *1 (S.D.N.Y. Feb. 25, 2008)(citing Gateway Overseas, Inc. v. Nishat (Chunian) Ltd., No. 05 Civ. 4260, 2006 WL 2015188, at *4 (S.D.N.Y. July 13, 2006)). If such a showing is necessary, it is easily dispensed with here where the GOI has, in the February 2011 Letter, expressly founded its refusal to affect service on an impermissibly substantive reason, namely, diplomatic immunity.

Service through the Indian Central Authority has failed because the GOI's basis for refusing to effectuate service was improper under the Convention. The Court's authorization of alternative means of service, therefore, remains proper under Rule 4(f)(3).

B. THE PARTICULAR MEANS OF SERVICE SET FORTH IN THE DECEMBER 2010 ORDER AND INDIA'S OBJECTION TO ARTICLE X

Though the use of alternative means of service, as a general matter, may have been warranted under Rule 4(f)(3), it is still necessary to establish that the particular means of service ordered by the Court were "not prohibited by international agreement." Rule 4(f)(3). Article X of the Convention allows for service of process through means other than a signatory's Central Authority, provided that the signatory does not object to the use of those alternative means. Convention at Art. X. Specifically, Article X permits service through "postal channels" or through judicial officers or officials in the state of destination. Id.

In signing the Convention, the GOI objected to the means of service described in Article X, and, therefore, that article is not applicable in India. However, as the GOI concedes in its brief, it limited its reservation to those means of service specifically described in Article X.

-10-

See Declarations, Reservations, Hague Conference on Private International Law, http://www.hcch.net/index_en.php?act=status.comment&csid=984&disp=resdn.

Where a signatory nation has objected to only those means of service listed in Article X, a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article X. See Richmond Techs. Inc. v. Aumtech Bus. Solutions, No. 11 Civ. 2460, 2011 WL 2607158, at *12-13 (N.D. Cal. July 1, 2011) ("[N]umerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. This is true even in cases involving countries that, like India, have objected to the alternative forms of service permitted under Article 10 of the Hague Convention."); SEC v. Anticevic, No. 05 Civ. 6991, 2009 WL 361739, at *4 (S.D.N.Y. Feb. 13, 2009) (permitting service by publication in signatory nations where plaintiff's attempt to effect service through central authority had failed and the recipient-nations did not "explicitly object[] to service by publication in [its] Declaration[] pursuant to the Convention,"); In re S. African Apartheid Litig., 643 F. Supp. 2d at 434, 437 (requiring express objection to alternative mode of service in recipient-

nation's reservation as to Article X to preclude particular alternative mode).

The GOI's objections to the means of service enumerated in this Court's December 2010 Order are unpersuasive.

The GOI contends that service by publication is "generally disfavored." (GOI Brief (Docket No. 26) at 7.) However, Second Circuit case law permits service by publication where the published notice is reasonably likely to come to the defendant's attention, especially where, as here, the defendant already has actual notice of the litigation. See SEC v. Tome, 833 F.2d 1086, 1093 (2d Cir. 1987); Smith v. Islamic Emirate of Afg., No. 01 Civ. 10144, 2001 WL 1658211, at *3 (S.D.N.Y. Dec. 26, 2001) (finding likelihood that defendant was aware suits would be filed against him supported permitting service by publication).

The GOI also argues that service by electronic mail is precluded by analogy because it objected to service through "postal channels" under Article X. (GOI Brief (Docket No. 26) at 6.) However, the GOI's objection to service through postal channels does not amount to an express rejection of service via electronic mail. Several other courts have found service by electronic mail appropriate where a signatory nation has not objected to that specific means of

service.  See, e.g., Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1017 (9th Cir. 2002) (endorsing service by email as court-ordered alternative under Rule 4(f)(3)); Williams-Sonoma Inc. v. Friendfinder Inc., No. C 06-06572, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (permitting service by electronic mail, but not by international mail, for defendants in countries that objected to Article X); Philip Morris USA Inc. v. Veles, Ltd., No. 06 Civ. 2988, 2007 WL 725412, at *2-3 (S.D.N.Y. Mar. 12, 2007) (permitting service by electronic mail under Rule 4(f) where it was reasonably likely to reach defendant).  Since India did not expressly object to electronic mail as a means of service, this Court was justified in permitting such service in its December 2011 Order.

In short, the Malhotras have actual notice of this suit, and the modes of service prescribed in the December 2010 Order are not precluded by the GOI's objection to Article X of the Convention.  Therefore, service of process, as outlined in the December 2010 Order, was appropriate as an alternative means of service under Rule 4(f)(3) and the Convention.  See Burda Media, 417 F.3d at 301 ("[T]he Hague Convention should be read together with

Rule 4, which stresses actual notice, rather than strict formalism." (internal quotation marks omitted)).

C.  DUE PROCESS

Finally, the Court notes that, "in addition to the Hague Convention, service of process must also satisfy constitutional due process." Burda Media, 417 F.3d at 303 (citing Ackermann v. Levine, 788 F.2d 830, 838 (2d Cir. 1986)). The methods of service directed in the December 2010 Order provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Luessenhop v. Clinton Cnty., 466 F.3d 259, 269 (2d Cir. 2006) (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). Here, Gurung established that the Malhotras have actual notice of this litigation and that the electronic mail address used in the December 2010 Order was Neena Malhotra's official, government electronic mail address provided for her position by her employer. Where, as here, a plaintiff demonstrates that service via electronic mail is likely to reach the defendant, due process is satisfied. See e.g., Philip Morris USA Inc., 2007 WL 725412, at *2-3 (collecting cases). Service through publication comports with due process in situations such as this where service through

-14-

the Convention has failed and defendants are aware of the litigation against them. S.E.C. v. Shehyn, No. 04 Civ. 2003, 2008 WL 6150322, at *3 (S.D.N.Y. Nov. 26, 2008) (citing Tome, 833 F.2d at 1093). Accordingly, constitutional due process is satisfied by the means of service used here.

Because the alternative means of service provided for in the December 2010 Order satisfied Rule 4(f)(3), the Convention and constitutional due process, the Malhotras were obligated to respond to the complaint. The Malhotras have failed to do so and Gurung has satisfied the requirements for default judgment. Accordingly, the Court grants Gurung's motion for default judgment.

### III. DEFAULT JUDGMENT

The Court has reviewed Gurung's motion for default judgment, accompanying papers and the record in this litigation, including the Clerk of Court's certification that the Malhotras have not answered the complaint or otherwise appeared in this action within the time permitted to do so after proper service. Additionally, the Court has reviewed Gurung's pleadings, and has considered these factual allegations conceded in view of the Malhotras' default. On these bases, the Court finds proper grounds to authorize entry of default judgment against the

-15-

Malhotras. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) (stating that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability").

### IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Docket No. 18) of plaintiff Shanti Gurung ("Gurung") for default judgment as to defendants Joseph Malhotra and Neena Malhotra (the "Malhotras") is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court is directed to enter judgment of liability against the Malhotras and in favor of Gurung as to the causes of action stated in Gurung's complaint; and it is further

**ORDERED** that the parties appear before Magistrate Judge Frank Maas, in accordance with times, schedules and submissions determined by the Magistrate Judge, for an inquest on appropriate damages, which proceedings shall be conducted and a determination therein submitted to the Court not later than ninety (90) days of the date of this Decision and Order.

**SO ORDERED.**

Dated:    New York, New York
         22 November 2011

                                    Victor Marrero
                                    U.S.D.J.