

**G. Balasubramanian**
**Counsellor (Pol)/HOC**
Tel.: 202-939-7025
Fax: 202-265-4351
Email: hoc@indiagov.org

भारतीय राजदूतावास
वाशिंगटन, डी॰ सी॰

## EMBASSY OF INDIA
(CHANCERY)
2107 Massachusetts Ave., N.W.
Washington, D.C. 20008
Tel: (202) 939-7000 • Fax: (202) 265-4351

(CONSULAR WING)
2536, Massachusetts Ave., N.W.
Washington, D.C. 20008
Tel: (202) 939-9806 • Fax: (202) 387-6946

### By Certified Mail with acknowledgement

No.: WAS/Pol/103/25/2011

10 CIV. 5086



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/12



COPY FOR YOUR
INFORMATION

RECEIVED
APR 2 2012
CHAMBERS OF
JUDGE MARRERO

To,

1. Ms. Shanti Gurung
   C/o Mr. Mitchell Karlan, Attorney of
   Gibson Dunn & Crutcher LLP
   200 Park Avenue, 46th Floor
   New York 10166-013

2. Mr. Mitchell Karlan
   Attorney
   C/o M/s. Gibson Dunn & Crutcher LLP
   200 Park Avenue, 46th Floor
   New York 10166-013

3. Urban Justice Centre
   123 William Street, 16th Floor
   New York 10038.

Sir/Madam,

    I am directed to forward herewith for information and necessary compliance, a copy of Order dated March 14, 2012 passed by Hon'ble Mr. Justice Kailash Gambhir of the High Court of Delhi at New Delhi in Civil Suit No. 610 of 2012.  A copy of the Memo of Parties in this case is also enclosed.

As also directed by the Honourable Court, Embassy of India in Washington DC has to establish personal contact with Ms. Shanti Gurung to ascertain the veracity of her allegations. Since, the next date of hearing in the High Court of Delhi is on May 3, 2012, it is requested that this personal meeting of Ms. Shanti Gurung with the Officers of the Government of India may be organized at the earliest.

Enclosures: As above.

Yours Sincerely,

*[signature] 30th Mar 2012*
(G. Balasubramanian)

Copy along with enclosures to:

✓ Honourable District Judge Victor Marrero
Court Room 20-B
United States Courthouse
500 Pearl Street
New York – 10007.

Honourable US Magistrate Judge Frank Maas
Court Room 20-A
United States Courthouse
500 Pearl Street
New York – 10007.

Ms. Ruby J Krajick
Clerk of Court
US District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York – 10007.

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by *the Embassy of India*.

SO ORDERED.

4-3-12
DATE          VICTOR MARRERO, U.S.D.J.



दिल्ली DELHI                                                              026668

IN THE HIGH COURT OF DELHI AT NEW DELHI

ORDINARY CIVIL JURISDICTION

CIVIL SUIT (OS) NO. 610   OF 2012

MEMO OF PARTIES

1. Union of India
   Ministry of External Affairs
   North Block, New Delhi.
   Through its principal officer and
   Under Secretary (Mr. Kartik Pande)

2. Ms. Neena Malhotra
   W/o. Jogesh Malhotra
   A-504, MEA Hostel,
   Kasturba Gandhi Marg,
   New Delhi.

                                                      Contd.....



दिल्ली DELHI                                                                                     019600

    Mr. Jogesh Malhotra
    S/o. Shri B N Malhotra
    A-504, MEA Hostel,
    Kasturba Gandhi Marg,
    New Delhi.                                         .... Plaintiffs

                  Versus

1. Ms. Shanti Gurung
   (Service to be effected through
   M/s. Gibson, Dunn & Crutcher LLP

2. M/s. Gibson, Dunn & Crutcher LLP
   200 Park Avenue, 46th Floor
   New York, New York 10166-0193.

3. Urban Justice Center
   123, William Street, 16th Floor
   New York, New York 10038.                  ... Defendants

\* IN THE HIGH COURT OF DELHI AT NEW DELHI

+ CS(OS) 610/2012 & I.A. Nos. 4636-37/2012

UNION OF INDIA & ORS. ..... Plaintiff
Through: Mr.A.S.Chandhiok, ASG with Ms.Sapna, Mr.Bhagat Singh and Mr.Vidit Gupta, Advs.

versus

SHANTI GURUNG & ORS. ..... Defendant
Through: None

CORAM:
HON'BLE MR. JUSTICE KAILASH GAMBHIR

ORDER
% 14.03.2012

**CS (OS) NO. 610/2012**

Issue summons in the Suit, by Ordinary Process, Registered A.D. Covers, Speed Post, Courier and by all other legally permissible means returnable on 3.5.2012.

**IA No. 460/2012 (u/o 39, R-1 &2)**

By this application filed under Order 39 Rule 1 & 2, the plaintiffs seek issuance of an anti-suit injunction in their favour and against the defendants no. 1 to 3 restraining them from pursuing the complaint/claim in the case titled *Ms. Shanti Gurung Vs.*

*Neena & Jogesh Malhotra* Case no. 10-CIV 5086 (VM) before the Courts in United States of America.

Mr. A S. Chandhiok, learned Additional Solicitor General of India, arguing for the plaintiff submits that the defendant no.1 was in the employment of the Union of India i.e, plaintiff no.1 herein under the scheme of IBDA under which the Government of India extends the facility of engagement of service staff members to aid the Indian diplomats serving abroad in carrying out their duties. Counsel also submits that under the said scheme, the Government got prepared the passport of defendant no.1 and at the instance of Union of India, an A-3 visa was issued to her by the US Embassy and also the travel expenses of defendant no.1 were borne by the plaintiff no.1.

Counsel further submits that the allegations of the defendant no.1 of trafficking and kidnapping are ex-facie false, as the defendant no.1 had volunteered herself to accompany the plaintiff no.2 as her domestic servant to the USA. Counsel also submits that defendant no.1 had visited Delhi along with the plaintiff no.2 in the year 2007 and had the allegations of ill treatment been true, then at least she would have lodged some complaint with the police or at least with the concerned office of the Ministry of External Affairs but at no point of time, the defendant no.1 made any complaint so as to

bring to the notice of the plaintiff no.1 about the grievances raised by her in the complaint dated 10th July, 2010 filed by her before the court at United States. Counsel further submits that it is for the first time that the defendant no.1 had made such a complaint on 10th July, 2010 and this belated complaint on the part of defendant no.1 by itself is a manifestation of her oblique motives to prolong her stay in USA as she had been missing since 28 July 2009. Counsel further submits that it is learnt that defendant no.1 has married one boy named Mr. Suraj, who is also the domestic help of another officer and this entire conspiracy has been hatched by defendant no.1 to continue her stay in USA. Counsel also submits that the defendant no.1 had sought continuation of her employment with another officer posted in USA but while seeking extension of her stay she did not utter a word complaining about the conduct of the plaintiff no.2. In the course of the arguments, counsel for the plaintiff has also drawn the attention of this Court to some of the photographs placed on record in which defendant no.1 is along with plaintiff no.2 and is in a cheerful mood.

Counsel further submits that the Courts at the United States of America have not followed the proper procedure to serve the Union of India in terms of the Hague Service Convention and without taking proper steps to serve the Union of India, the United

States Court has proceeded to pass a default judgment against the plaintiff nos. 2 and 3. Counsel also submits that the Union of India had submitted an amicus curiae brief raising all the pleas with regard to invalid service of the plaintiffs no. 2 and 3 in blatant violation of the Hague Convention and also bringing to the notice of the Court the applicability of the domestic laws of this Court, but ignoring all the pleas raised by the Union of India in the said amicus curiae brief, the US Courts went ahead and passed a default judgment in favour of the defendant no.1 vide order dated 22.11.2011. Counsel thus submits that the initiation of proceedings at the courts at United States are oppressive, vexatious and an abuse of the process of law and the ends of justice would suffer and fraud perpetrated if an aniti-suit injunction is not granted in favour of the plaintiff and against the defendants.

I have heard learned senior counsel for the plaintiff at considerable length and gone through the documents placed on record.

A brief conspectus of facts of the present case is necessary to decide the present application under consideration. The case of the plaintiffs is that the plaintiff no.2 is a career diplomat and a full time employee of plaintiff no.1 who was posted on an official assignment in the United States from 2006 to 2009 whereas the defendant no. 1

was engaged as a service staff member under the IBDA (Indian Based Domestic Assistant) facility provided by the Government of India to the diplomats serving abroad to aid them in carrying out their official duties. As per the plaintiff, the defendant no.1 was issued an official passport by the plaintiff no.1 and an A-3 visa was issued to her by the US Embassy for traveling with the plaintiff no.2 for the period of her assignment. The plaintiff no.2 along with defendant no.1 left India on 29th March, 2006 whereafter the defendant no.1 stayed with the plaintiff no. 2 and 3 in the official residence of the plaintiff no. 2. The defendant no.1 along with the plaintiff no.2 came back to India on 18th January, 2007 for a vacation and then, returned back to the United States to resume duties. It is the case of the plaintiffs that the defendant no.1 suddenly disappeared from the apartment of plaintiff no.2 on 28th July, 2009 whereafter an official notification regarding her disappearance was made to the United States Authorities on 29th July, 2009 and consequently her official passport was revoked by plaintiff no.1. Thereafter, in July, 2010, the defendant no.1 filed a complaint against plaintiff no. 2 and 3 in United States District Court, Southern district, New York, claiming damages *inter alia* on the ground that in March, 2006, she was trafficked to the United States by plaintiff nos. 2 and 3 and also leveled charges of kidnapping, involuntary

servitude, forced labour, maltreatment, failure to pay earned wages, assault, false imprisonment, infliction of emotional distress, etc. The notice of the said complaint was sent to the plaintiff no.1 by Crown Foreign Services for onward service of plaintiff no. 2 and 3 which was rejected by plaintiff no.1 vide letter dated 10th February, 2011 relying upon the reservations provided under Article 13 of the Hague Service Convention. Thereafter, as per the order dated 8th August, 2011 of the Court of the United States of America, an amicus curiae brief was submitted by the plaintiff no.1 raising pleas of the invalid service and that the objection to the jurisdiction of the US court to try the said matter which was objected to by the defendants and the said Court vide order dated 22nd November, 2011 allowed the motion for default judgment in favour of the defendant no.1 and against the plaintiff nos. 2 and 3. Further vide order dated 22nd February, 2012, the United States Court awarded damages of $1,458,335 in favour of the defendant no.1 and a time frame of 14 days from the service of the order was given to file objections against the said order. The plaintiffs herein have now approached this Court to restrain the defendants from pursuing further the said proceedings before the United States Court.

The main grievance raised by the learned Additional Solicitor General is that the plaintiff no.2 and the defendant no.1 are both

citizens of India and are in the employment of plaintiff no. 1 i.e, Union of India and hence are governed by the domestic laws of this country. Learned senior counsel has further contended that the Courts at United States have no jurisdiction to pass an order against the plaintiff no. 2 as she is a diplomat of this country posted officially for an assignment in the United States and thus enjoys the privilege of sovereign immunity. In support of his argument, counsel has placed reliance on the Hague Service Convention and the Vienna Convention on Consular Relations. The counsel further submits that great injustice would be caused to the plaintiff nos. 2 and 3 if an anti-suit injunction is not issued in their favour and against the defendants as that would lead to finally decreeing the order dated 22nd February, 2012 awarding damages to the defendant no. 1. Counsel further argued that both the orders dated 22.11.2011 and 22.2.2012 passed by the courts at United States seriously interfere with judicial sovereignty of India besides the same being in violation of the Vienna Convention, The Hague Convention and the Foreign Sovereign Immunity Act, 1976. In support of his argument, counsel for the plaintiff has placed reliance on the recent judgment of this Court in the case of *Union of India Vs. Videocon Industries* dated 5th March, 2012.

It is evident from the passport of the defendant no.1 placed on record that the same was issued to her to accompany the plaintiff no.2 as the service staff member to help her in carrying out her duties. It is further manifest that she was granted an A3 visa by the United States Embassy at India at the instance of plaintiff no.1 and the tickets placed on record also show that the travel expenses of the defendant no.1 were borne by the plaintiff no.1. From the certificate issued by the Syndicate Bank, New Delhi, it is apparent that the payment on various dates was made by the plaintiff no.2 to the account of defendant no.1. In the face of the aforesaid facts, it cannot be conceived prima facie that the defendant no.1 was trafficked or kidnapped by the plaintiff no.2 from India in 2006.

On a bare perusal of the complaint dated 10 July, 2010 filed by the defendant no.1 before the court at United States, it is palpable that the allegations leveled by the defendant no.1 are of serious nature ranging from kidnapping, trafficking, involuntary servitude to maltreatment, malnourishment, assault, etc. Without expressing any view on the truthfulness of the allegations leveled by defendant no.1 which has led to the passing of the order dated 22.11.2011 and 22.2.2012, this court would like to observe that it is not uncommon for the ones in positions of power to sometimes treat the lower class with disdain and take advantage of their

position and power to treat them according to their own whims and fancies as many such instances have surfaced in the past. Nobody can be allowed to get away with such conduct and the country cannot in any circumstance concede to any feudal tendencies. The foreign diplomats being the top brass have more responsibility on their shoulders as they are not only the ambassadors of India's honour and dignity but also of our culture and hence have to treat their subordinates more humanely. On the other hand there may be cases where the domestic servants knowing that the image and career of the diplomat will take a beating if anything is said against them, may also hatch an iniquitous conspiracy for fulfilling their nefarious designs. In any case event of the matter, in the case at hand at this stage the truth of the allegations cannot be bared. Having said that, it is also incomprehensible that the defendant no.1, who was meted such inhuman treatment as alleged, did not take any steps to complain against the plaintiff no.2 and 3 to any of the officers residing in the same building or even file a complaint during the stay of the plaintiff no.2 there as she consequently did in July, 2010. It is also quite baffling that the defendant no.1 visited India alongwith the plaintiff no.2 in January 2007 for vacation and did not bring to the notice of any officer of plaintiff no.1 or even lodge a police complaint against the plaintiff no.2 for the alleged

cruel treatment inflicted on her and returned back alongwith the plaintiff no.2 to the USA. The photographs placed on record by the plaintiff confute the allegations of the defendant no.1 alleging false imprisonment and confinement as there is no apparent fear or any hostile atmosphere discernable from them and instead she seems to be in a happy disposition.

I also find force in the contention of the learned senior counsel for the plaintiffs that the plaintiff no.2 is a diplomat in the services of the plaintiff no.1 and was sent in official capacity to the United States and thus enjoys Sovereign immunity and any order passed by the court of United States would tantamount to interfering in the right of the Government of India to determine the terms and conditions of the employment of its diplomatic officers posted abroad, including the terms by and under which assistants are provided to such officers. Article 53(4) of The Vienna Convention on Consular Relations, 1963 to which both India and the United States Of America are a party states that *with respect to acts performed by a consular officer or a consular employee in the exercise of his functions, immunity from jurisdiction shall continue to subsist without limitation of time.* The defendant no.1 herein was assisting the plaintiff no.2 in carrying out her duties in USA. The defendant no.1 was an employee of the Government of India and so was the

plaintiff no.2 and both were Indian Citizens sent abroad by the plaintiff no.1 for carrying out their respective duties. The treatment whatever alleged by the defendant no.1 has happened within the official residence of the plaintiff no.2 which is in occupation and belongs to the Government of India and only the Indian laws would and not the laws of the United States. Hence, in such a scenario during the tenure of the plaintiff no.2 in USA, if the defendant was treated mercilessly as alleged, the courts in the United States would not have jurisdiction to pass an order against the plaintiff no.2, she being not amenable to the jurisdiction of that court. However, even if the allegations are assumed to be true, then also the remedy of the defendant no.1 lies before the courts at India and not before the United States Courts.

It is important to state that the plaintiff no.2 entered into a contract with the defendant no.1 before proceeding to the United States in 2006 and that contract placed on record is the standard agreement prescribed by the Embassy of United States in India for regulating the relationship between diplomatic agents and their domestic assistants. However it is important to state that the plaintiff no.1 has failed to place on record any contract governed by the plaintiff no.1 for her to be attached to plaintiff no.2 under the

IBDA scheme or as to what are the terms under the IBDA with regards to wages and accommodation, etc.

For the grant of an anti-suit injunction, the court has to determine that whether the defendant is amenable to the personal jurisdiction of this court and that the ends of justice would be defeated if the injunction is declined. It would be apt to reiterate the observation of the learned judge in the case of *Videocon Industries(supra)* on which reliance has been placed by the counsel for the plaintiff as follows:

> "97. Further, as regards the contention of the defendant that an order of anti-suit injunction ought not to be granted as it would transgress the norms of judicial comity, indubitably the settled position in law is that an anti-suit injunction should be granted only if there is an impending risk of conflicting judgments and, if and only if the proceedings in the Court of foreign jurisdiction would perpetuate injustice. This Court is not oblivious to the fact that while granting anti-suit injunction it must tread cautiously having regard to all the facts and circumstances of the case, but this Court is also mindful of the fact that an anti-suit injunction operates against the party concerned and not against the court of foreign jurisdiction. Moreover, this Court cannot turn a blind eye to the vexation and oppression which would be caused to the plaintiff by compelling it to re-litigate on an issue upon which the Supreme Court has given its final and conclusive determination. To compel it to do so would constitute the worst imaginable case of abuse of the process of the Court, besides giving a complete go-by to the principle of res judicata and issue estoppel which govern the public policy of India."

Hence, in the light of the above, in the present case if the foreign courts are allowed to decide the issue finally, then the whole concept of anti-suit injunction would be defeated. Hence, applying the tri-partite test of prima facie case, balance of convenience and

irreparable loss and injury, this court deems it appropriate to grant an ex parte anti-suit injunction in favour of the plaintiffs and against the defendants restraining them from pursuing the complaint/claim titled Ms.Shanti Gurung vs. Ms.Neena & Jogesh Malhotra or rely upon the order dated 22.11.2011 and 22.2.2012 passed by the Magistrate of the Southern District Court, New York to get a final judgment or proceed to enforce the same till the next date.

This court is also mindful of the fact that the plaintiff no.1 is not a witness to what has happened within the four walls of the residence of the plaintiff no.2 on foreign soil and if the defendant no.1 has been a victim of any barbaric conduct, as held by the United States court, at the hands of the plaintiff no.2, then the plaintiff no.1 has the prime responsibility of taking care of her rights as well, she also being an Indian citizen. This court therefore directs the plaintiff no.1 to establish personal contact with the defendant no.1 through its diplomatic channels to ascertain the veracity of the allegations made by her before the next date.

No observations made herein above would however tantamount to an expression on the merits of the case.

Renotify on 3.5.2012

DASTI

MARCH 14, 2012

KAILASH GAMBHIR, J



True Copy
6/3/12